NOT DESIGNATED FOR PUBLICATION

No. 115,940

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TODD A. RIGG,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BRUCE C. BROWN, judge. Opinion filed September 1, 2017. Affirmed.

*Carl F.A. Maughan*, of Maughan Law Group LC, of Wichita, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GREEN, P.J., BUSER and LEBEN, JJ.

*Per Curiam*: This is an appeal of the district court's denial of Todd A Rigg's pretrial motion to suppress statements Rigg made to Officer Marlon T. Woolcock. We decline to consider this issue because although Rigg raised it prior to trial, he did not contemporaneously object to the introduction of the statements as evidence at trial. As a consequence, this issue was not preserved for appeal and the district court's ruling is affirmed.

1

Pitbull Motorcycles, a business located in Wichita, Kansas, was the site of numerous car burglaries and break-ins during 2013. On November 16, 2013, Pitbull employees noticed "a suspicious person outside [who] was leaning up against a car," which suggested to the employees that the individual "was trying to break into a car." The employees notified the Wichita Police Department of the suspicious individual and provided a physical description.

Officer Woolcock, who was patrolling in the area, responded to the report and noticed an individual, later identified as Rigg, matching the description of the suspicious person walking about two blocks from the business. Officer Woolcock made a U-turn, illuminated the back lights of his patrol vehicle, and upon getting out of the vehicle shouted at Rigg, "Hey."

Rigg stopped, and Officer Woolcock walked up to him. Officer Woolcock then explained "what was going on" and asked for Rigg's name. Rigg gave the officer his name and stated that he had been outside Pitbull Motorcycles waiting for a friend. Rigg appeared very nervous throughout this encounter and, during the discussion, informed Officer Woolcock that he had an outstanding warrant. After the officer confirmed the warrant, he placed Rigg under arrest. During a search incident to arrest, Officer Woolcock discovered that Rigg possessed methamphetamine and other drug paraphernalia.

Rigg was charged with possession of methamphetamine, a severity level 5 nonperson drug felony in violation of K.S.A. 2016 Supp. 21-5706(a); and, possession of drug paraphernalia for use, a class A nonperson misdemeanor in violation of K.S.A. 2016 Supp. 21-5709(b)(2). Rigg pled not guilty and filed a pretrial motion for a hearing pursuant to *Jackson v. Denno*, 378 U.S. 368, 84 S. Ct. 1774, 12 L. Ed. 2d 908 (1964).

2

At the *Denno* hearing, Rigg asked the district court to suppress his statements to Officer Woolcock about having an outstanding warrant. Rigg claimed the statements were not voluntary but the result of a coercive interrogation by Officer Woolcock. The district judge denied Rigg's motion to suppress the statements and ruled:

> "[L]ooking at the totality of the evidence presented, I do find that the defendant's statements were freely, voluntarily made pursuant to *Jackson v. Denno*. This was a detention, a stop of Mr. Rigg. But he wasn't handcuffed; it was simply an investigation. In fact, the one statement was, again, spontaneously made by the defendant, not in response to any questions, which adds to the voluntary nature of the statement.
>
> "But I find all the statements out there, they were voluntarily made. There wasn't any kind of coercion, pressure. It seemed to be a relatively calm interchange, at least, calm from the officer's side and his behavior. And so I'll overrule the motion based on the evidence."

The case proceeded to a jury trial, and Rigg was convicted as charged. Rigg was sentenced to 12 months' probation with an underlying prison term of 22 months and 12 months' postrelease supervision. Rigg appeals.

## FAILURE TO PRESERVE THE ISSUE FOR APPEAL

On appeal, Rigg contends the district court erred when it ruled his statements made to Officer Woolcock were admissible as evidence at trial. Rigg claims that his statements were involuntary and should have been suppressed, together with the evidence that was obtained from the resulting search incident to arrest. The State counters that our court should not review this issue because Rigg did not contemporaneously object to the admission of Rigg's statements when they were introduced at trial. Of note, Rigg did not file a reply brief to respond to the State's argument.

3

We are persuaded that the State has a meritorious argument. K.S.A. 60-404 states:

"A verdict or finding shall not be set aside, nor shall the judgment or decision based thereon be reversed, by reason of the erroneous admission of evidence unless there appears of record objection to the evidence timely interposed and so stated as to make clear the specific ground of objection."

In the present case, although a pretrial motion was filed by Rigg and ruled on, the defense did not contemporaneously object to the evidence when it was introduced by the State at trial.

Our Supreme Court has regularly enforced the contemporaneous objection rule in motion to suppress cases, including cases involving rulings made during pretrial *Denno* hearings. For example, in *State v. Potts*, 304 Kan. 687, Syl. ¶ 3, 374 P.3d 639 (2016) our Supreme Court stated: "When a pretrial motion to suppress has been denied, the evidence must also be objected to at the time it is offered during the trial in order to preserve the issue for appeal."

Similarly, *State v. Hollingsworth*, 289 Kan. 1250, 1256-57, 221 P.3d 1122 (2009) is also relevant to resolving this issue on appeal. Hollingsworth was arrested for murder. After initially declining to answer the officer's questions, Hollingsworth later provided a detailed account of the murder and even reenacted the crime which the officers videotaped. Prior to trial, Hollingsworth filed a motion to suppress his incriminating statements and the video reenactment, alleging that he was under stress at the time of his arrest. After a *Denno* hearing, the district court determined that Hollingsworth had knowingly and voluntarily made the statements which were admissible as evidence at the upcoming trial. The State then introduced these statements at trial—without an objection from Hollingsworth. Hollingsworth was convicted of felony murder and kidnapping.

4

On appeal, Hollingsworth challenged the State's use of his statements and reenactment and reasserted his claim that they were involuntarily provided to the officers. Citing K.S.A. 60-404, our Supreme Court determined that Hollingsworth had failed to preserve the issue for appeal because he failed to object to the use of the statements and reenactment at trial. The Supreme Court concluded:  "'[T]he trial court must be provided the specific objection so it may consider as fully as possible whether the evidence should be admitted and therefore reduce the chances of reversible error.' [Citation omitted.]" 289 Kan. at 1257.

*Potts* and *Hollingsworth* are dispositive of this appeal. Although Rigg raised the voluntariness of his statements prior to trial at the *Denno* hearing and received an adverse ruling, he failed to contemporaneously object to this evidence at trial. As a result, this evidentiary issue was not preserved for appellate review.

Affirmed.